UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JR HOMES, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>SAMUEL KELLER,<br><br>         Defendant. | No. 2:24-cv-02048-DJC-CSK<br><br><u>ORDER DENYING ALL PENDING MOTIONS AND REMANDING THE MATTER TO STATE COURT</u> |

On July 29, 2024, Defendant Samuel Keller removed this matter to federal court, asserting that there is federal question jurisdiction over Plaintiff Jr Homes, Inc.'s Unlawful Detainer action. (*See* Removal Not. (ECF No. 1) at 2.) Specifically, Defendant claims that this Court has federal question jurisdiction because the matter "involves claims arising under the Fair Housing Act, 42 U.S.C. § 3601, et seq. . . ." (*Id.*) But the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.*

1

1   Here, an unlawful detainer action does not pose a federal question, *see, e.g.*, *Fed. Home Loan Mortg. Corp. v. Garcia*, No. 1:11-CV-01370-AWI-JLT, 2012 WL 467497, at *1 (E.D. Cal. Feb. 7, 2012) (collecting cases and adopting the Magistrate Judge's Findings and Recommendations), and neither does Defendants' defense of discrimination in violation of the Fair Housing Act, the United States Constitution, or other federal laws, *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *e.g.*, *Fan v. Coleman*, No. 2:24-CV-01579-KJM-AC, 2024 WL 3330463, at *1 (E.D. Cal. June 6, 2024). (*See* Removal Not. at 30, 36–38.) Moreover, Plaintiff has pleaded itself out of federal court by asserting that the matter is a "limited civil case" where the amount demanded does not exceed $10,000. *See, e.g.*, *Pacifica L. Sixteen, LLC v. Lopez*, No. 1:11-CV-01342-AWI-SKO, 2011 WL 4375007, at *3 (E.D. Cal. Sept. 19, 2011); *Yazdi, Tr. of Aminian Yazdi Tr. v. Garcia*, No. 2:24-CV-01311-KJM-CKD, 2024 WL 2115835, at *1 (E.D. Cal. May 9, 2024). (*See* Removal Not. at 14, 17.) As a result, the Court concludes that it lacks subject-matter jurisdiction, and the matter is remanded to state court under 28 U.S.C. § 1447(c). *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

   Accordingly, the Court hereby REMANDS this case to Butte County Superior Court for all future proceedings. The Clerk of the Court is instructed to close the matter. This Order also resolves Defendant's Motion to Proceed *In Forma Pauperis* (ECF No. 2), which is DENIED AS MOOT.

   IT IS SO ORDERED.

Dated: **July 29, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – JrHomesInc.24cv2048.Removal.Notice